# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00532-CV

Severiano DeLeon, Appellant

v.

Royal Indemnity Company, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
NO. 06-0030, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a workers' compensation case in which the insurance carrier, appellee Royal Indemnity Company, contested the impairment rating assigned to the claimant, appellant Severiano DeLeon, by the Texas Department of Insurance, Division of Workers' Compensation (the "Division").[1]  That impairment rating was based on advisories issued by the Division that have been determined by this Court to be invalid.  This determination was subsequent to the Division's ruling in this case, but prior to the district court's review.  *See Texas Dep't of Ins. v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870, 876-77 (Tex. App.—Austin 2006, pet. denied).

---

[1] The Texas Workers' Compensation Commission was abolished effective September 1, 2005, and its functions were assumed by the division of workers' compensation within the Texas Department of Insurance.  *See* Tex. Lab. Code Ann. § 402.001 (West 2006).  We use the term "Division" to refer to both the division of workers' compensation and the former commission.

Consequently, the district court held that the assigned impairment rating was invalid. We affirm the judgment of the district court.

### *Background*

The Division administers the Texas Workers' Compensation Act (the "Act"). *See* Tex. Lab. Code Ann. § 402.001 (West 2006). The Act authorizes four levels of income benefits: (1) temporary income benefits; (2) impairment income benefits; (3) supplemental income benefits; and (4) lifetime benefits. *See Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 513 (Tex. 1995). An injured worker qualifying for impairment benefits receives 70% of his average weekly wage. Tex. Lab. Code Ann. § 408.126 (West 2006). In order to obtain such impairment benefits, an employee must be certified by a doctor as having reached maximum medical improvement ("MMI") and must be assigned an "impairment rating" by the certifying doctor. *See id.* § 408.123 (West 2006). An impairment rating is "the percentage of permanent impairment of the whole body resulting from a compensable injury." *Id.* § 401.011(24) (West Supp. 2009). MMI generally occurs on the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated. *See id.* § 401.011(30)(A).[2] These determinations impact the receipt of impairment benefits in that the employee's entitlement to impairment benefits begins the day after the employee reaches

---

[2] The MMI date may not be assigned later than the expiration of 104 weeks from the date on which income benefits begin to accrue, except to the extent the employee has had, or has been approved for, spinal surgery, the employee or insurance carrier applies for an extension of the 104-week period, and the commissioner of workers' compensation orders such extension to a date certain. *See* Tex. Lab. Code Ann. § 401.011(30) (West Supp. 2009), § 408.104 (West 2006).

MMI and continues for three weeks for every percentage point of impairment. *See id.* § 408.121(a) (West 2006); *Fulton v. Associated Indem. Corp.*, 46 S.W.3d 364, 366 (Tex. App.—Austin 2001, pet. denied). Moreover, if the impairment rating is 15% or greater, the employee may qualify for supplemental income benefits, which provide long-term disability compensation. *See* Tex. Lab. Code Ann. § 408.142(a) (West 2006); *Fulton*, 46 S.W.3d at 366.

On September 15, 2002, DeLeon injured his lower back in the course and scope of his employment. As a result of the injury, on November 17, 2003, DeLeon had surgery consisting of a two-level fusion on his lumbar spine. Royal Indemnity, DeLeon's employer's workers' compensation insurance carrier, paid medical benefits to DeLeon, but disputed the amount of impairment income benefits to which he is entitled.

The parties agree that DeLeon's date of MMI is June 1, 2004, but dispute the impairment rating applicable to the spinal injury. In determining an employee's impairment rating, the Division is required to use the Guides to the Evaluation of Permanent Impairment published by the American Medical Association. *See* Tex. Lab. Code Ann. § 408.124 (West 2006). Originally, the third edition of the guides applied, *see id.* § 408.124(b), but the legislature granted the Division discretion to adopt the fourth edition of the guides (the "AMA Guides"), *see id.* § 408.124(c), which the Division did effective October 15, 2001, *see* 28 Tex. Admin. Code § 130.1(c)(2) (2009) (Tex. Dep't of Ins., Certification of Maximum Medical Improvement and Evaluation of Permanent Impairment).[3] Therefore, the AMA Guides are applicable to this proceeding.

---

[3] The legislature also authorized the Division to adopt any subsequent edition of the guides. *See id.* § 408.124(c) (West 2006). However, to date, the Division has not done so.

3

The principal methodology found in the AMA Guides is the "injury model," which uses objectively verifiable evidence to place patients into one of eight diagnosis-related estimate ("DRE") categories. *See Lumbermens*, 212 S.W.3d at 872. Under the injury model, in the case of loss of motion segment integrity[4] for a lumbosacral spine impairment, the DRE Category IV may be assessed, which translates to a 20% impairment rating. If, however, there is evidence of radiculopathy but no loss of motion segment integrity, the DRE Category III generally applies, which translates to a 10% impairment rating.

In 2003 and 2004, the Division issued two advisories—Advisory 2003-10 and Advisory 2003-10B (the "Advisories")—relating to the determination of impairment ratings where doctors performed spinal fusion surgeries. These Advisories stated that the impairment rating for spinal fusion is determined by preoperative x-ray tests but that, in the event no preoperative x-ray tests were performed, multilevel fusion meets the criteria for DRE Category IV.

In this case, the Division appointed Dr. Thomas Leonard to serve as a designated doctor to examine DeLeon and certify his impairment rating. Dr. Leonard evaluated DeLeon on June 1, 2004, and certified a 20% whole body impairment rating based on a DRE Category IV assessment. In addition, DeLeon was referred to Dr. William Lawson, who evaluated DeLeon on May 12, 2004, and also certified a 20% whole body impairment rating. On August 24, 2005, the Division held a contested case hearing to determine DeLeon's impairment rating. *See* Tex. Lab.

---

[4] According to the AMA Guides, loss of motion segment integrity is defined as "abnormal back-and-forth motion (translation) or abnormal angular motion of a motion segment with respect to an adjacent motion segment." *See Texas Dep't of Ins. v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870, 872 (Tex. App.—Austin 2006, pet. denied).

Code Ann. § 410.151(a) (West 2006). The hearing officer determined that the designated doctor's impairment rating was not contrary to the great weight of the medical evidence, and approved the 20% impairment rating. Royal Indemnity appealed this decision to the Division's appeals panel, which determined on December 8, 2005, that the hearing officer's decision should become the appeals panel's final decision. *See id.* § 410.204 (West 2006). On January 9, 2006, Royal Indemnity filed a petition for judicial review in Hays County district court. *See id.* § 410.251(a) (West 2006) (authorizing judicial review of final decision of appeals panel).

While suit was pending, this Court issued its decision in *Texas Department of Insurance v. Lumbermens Mutual Casualty Co.*, in which multiple insurance companies challenged the Advisories. In *Lumbermens*, this Court determined that the Advisories contradicted the AMA Guides's statement that "surgery to treat an impairment does not modify the original impairment estimate, which remains the same in spite of any changes in signs or symptoms that may follow the surgery." 212 S.W.3d at 876. According to this Court, because the Advisories contradicted the AMA Guides, they also contradicted labor code section 408.124 (authorizing adoption of the AMA Guides) and Division rule 130.1 (adopting the AMA Guides). *See id.* at 876-77. Consequently, this Court held that the issuance of the Advisories was invalid and application of the Advisories was "ultra vires"—an act outside the Division's legal authority—and affirmed the district court's enjoining of the Advisories' continued use. *See id.* In response to *Lumbermens*, on July 18, 2007, the Division issued a bulletin that announced that the Advisories "shall no longer be used in determining impairment ratings." *See* Tex. Dep't of Ins., Comm'r's Bulletin #B-0033-07 (July 18, 2007).

On June 4, 2008, the district court entered judgment in this case in favor of Royal Indemnity, decreeing that the 20% impairment rating is invalid and, therefore, that DeLeon does not have an impairment rating. The district court based its ruling as to the invalidity of DeLeon's impairment rating on a finding that the rating had been "improperly based on invalid and withdrawn Division Advisories 2003-10 and 2003-10b." DeLeon appeals.

*Analysis*

The Division's decision on issues involving the amount of income benefits is reviewed by the district court under a modified de novo review. *See* Tex. Lab. Code Ann. § 410.301(a) (West 2006); *Garcia*, 893 S.W.2d at 515; *Financial Ins. Co. v. Ragsdale*, 166 S.W.3d 922, 928 (Tex. App.—El Paso 2005, no pet.). The party that appeals bears the burden of proof by a preponderance of the evidence. Tex. Lab. Code Ann. § 410.303 (West 2006). Evidence of the extent of impairment is limited to that presented to the Division absent a finding that the claimant's condition has substantially changed, and the court can only adopt a specific impairment rating arrived at by one of the doctors in the case. *See id.* §§ 410.306, .307 (West 2006); *Garcia*, 893 S.W.2d at 528. However, while the trier of fact is to consider the Division's decision, it is not required to accord the decision any particular weight. Tex. Lab. Code Ann. § 410.304(a) (West 2006). In addition, the opinion of the designated doctor regarding impairment is accorded no special weight. *See Garcia*, 893 S.W.2d at 515.

The 20% impairment rating assigned to DeLeon was based on the (subsequently invalidated) Advisories. Dr. Leonard in his assessment "noted, according to the TWCC Advisory 2003-10, signed July 22, 2003, by Richard Reynolds, a multilevel fusion meets the criteria for

6

DRE Category IV." Dr. Lawson, in assigning a 20% impairment rating, also "based this opinion on the TWCC advisory 2003-10." These Advisories have been held invalid, *see Lumbermens*, 212 S.W.3d at 876-77, and have been withdrawn, *see* Comm'r's Bulletin #B-0033-07. Therefore, the district court's determination that the 20% impairment rating is invalid as being improperly based on the "invalid and withdrawn" Advisories was correct.

We reject DeLeon's arguments to the contrary. First, DeLeon contends that *Lumbermens*'s holding cannot be applied against his interests because he was not made a party in that case. The claim at issue in *Lumbermens* was for a declaratory judgment under the Uniform Declaratory Judgments Act (UDJA). *See* 212 S.W.3d at 874-75. The UDJA provides that any "declaration does not prejudice the rights of a person not a party to the proceeding." Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) (West 2008). However, this statutory provision relates to a trial court's joinder of interested parties. *See id.*; *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162-63 (Tex. 2004) (absence of interested party did not deprive court of jurisdiction). It does not relate to the precedential value of an appellate court's ruling. *See Crickmer v. King*, 507 S.W.2d 314, 316 (Tex. Civ. App.—Texarkana 1974, no writ) (non-necessary parties who were not joined in UDJA suit, while not bound by declaration, may have their interests touched upon "indirectly or 'practically'").[5] The district court correctly followed this Court's holding in *Lumbermens* that the Advisories at issue were invalid. *See Bell v. Zurich Am. Ins. Co.*, 05-09-00284-CV, 2009 Tex. App.

---

[5] Under DeLeon's reasoning, if a court declared an action of a state agency or official to be ultra vires under the UDJA with respect to a particular individual, the agency or official could—and, in fact, should—continue performing such action in favor of any person who was not made a party to the lawsuit.

7

LEXIS 8099, at *5-9 (Tex. App.—Dallas Oct. 20, 2009, no pet. h.) (holding that examining doctor may not base impairment rating on Advisories) (citing *Lumbermens*, 212 S.W.3d at 873-77).

Next, DeLeon argues that this Court's reasoning for holding the Advisories invalid in *Lumbermens*—that the AMA Guides prohibit taking pre-MMI surgery into account in determining the impairment rating—is incorrect. DeLeon relies on the statutory definition of "impairment," which refers to a condition "existing after maximum medical improvement." *See* Tex. Lab. Code Ann. § 401.011(23). DeLeon also relies on the Division's regulations. *See* 28 Tex. Admin. Code § 130.1(c)(3) ("Assignment of an impairment rating for the current compensable injury shall be based on the injured employee's condition as of the MMI date considering the medical record and the certifying examination."); *see also* 29 Tex. Reg. 2328 (2004) ("This change clarifies that IR assessments must be based on the injured employee's condition as of the date of MMI and shall not be based on changes in the injured employee's condition occurring after that date, such as when the injured employee's condition changes as a result of surgery that takes place after the date of MMI."). DeLeon argues that the AMA Guides themselves requires consideration of pre-MMI surgery and that the statement in the AMA Guides—relied on in *Lumbermens*—indicating that surgery to treat an impairment does not modify the original impairment estimate refers only to *post*-MMI surgery. *See Texas Builders Ins. Co. v. Molder*, No. 08-07-00200-CV, 2009 Tex. App. LEXIS 8398, at *19-23 (Tex. App.—El Paso Oct. 30, 2009, no pet.) (holding that impairment rating may take into account shoulder surgeries performed before, but not after, MMI date). DeLeon also questions whether the Division's applying this Court's reasoning in *Lumbermens* might implicate the due-course-of-law provision of the Texas Constitution. *See* Tex. Const. art. I, § 19.

8

We decline to address these arguments. Our holding that DeLeon's assigned impairment rating is invalid because it is based on advisories that have been found invalid and were withdrawn resolves this case. If DeLeon's designated doctor had not relied on the Advisories, and then expressly considered or ignored DeLeon's pre-MMI back surgery in assessing the impairment rating, DeLeon's arguments might be relevant. In this case, however, the doctor *did* rely on the invalidated Advisories. Therefore, we need not reach the issue of whether pre-MMI surgery may be taken into account under the AMA Guides when assessing an impairment rating for a spine impairment.

DeLeon also contends that the district court erred by admitting into evidence the deposition on written questions of Dr. Leonard, which evidence was not in the administrative record before the Division. In this deposition, Dr. Leonard addressed his assessment of DeLeon's impairment rating given the Division's withdrawal of the Advisories. DeLeon is correct that unless the court makes a threshold finding that the claimant's condition has substantially changed (there was no such finding in this case), evidence of the extent of impairment is limited to that which was presented to the Division. *See* Tex. Lab. Code Ann. §§ 410.306(c), .307; *Garcia*, 893 S.W.2d at 528. However, any error in the admission of evidence before the district court is harmless because, as stated above, the properly admitted and considered evidence in the record is conclusive that the 20% impairment rating was based on the Advisories and, therefore, was invalid.[6]

---

[6] DeLeon also complains that the district court erred by authorizing Royal Indemnity to submit the deposition on written questions to Dr. Leonard in the first place, *see* Tex. Lab. Code Ann. § 408.125(d) (West 2006), and by failing to consider Dr. Leonard's letter of clarification, which was part of the administrative record. However, DeLeon neither raised his section 408.125 argument to the district court nor attempted to have the letter of clarification entered into evidence. Therefore, both complaints have been waived. *See* Tex. R. App. P. 33.1(a).

We affirm the judgment of the district court.[7]

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   January 27, 2010

_____

[7] We note that, as a result of the 20% impairment rating being declared invalid, DeLeon currently is without any impairment rating for his injury. The Act requires the trier of fact, in determining the extent of impairment, to adopt one of the doctor-assigned impairment ratings presented to the Division. _See_ Tex. Lab. Code Ann. § 410.306(c) (West 2006). However, there is no impairment rating in this case other than the one found invalid. Consequently, after determining the 20% impairment rating to be invalid, there was no other impairment rating for the district court to adopt. This is not necessarily the end of the matter, however. While no mechanism exists in the Act to remand matters back to the Division, _see Texas Workers' Comp. Comm'n v. Texas Mut. Ins. Co._, 119 S.W.3d 886, 887 (Tex. App.—Dallas 2003, no pet.), Royal Indemnity concedes that, under applicable law, DeLeon "is entitled to return to the Division to pursue a new impairment rating determination," and Royal Indemnity has represented to this Court in writing that it "will not take a contrary position in this litigation."