02-10-109-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00109-CV

 

 


 
 
 Shannon King
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Zurich American Ins. Co.
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM THE
348th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

In
this worker’s compensation case, appellant Shannon King appeals the trial
court’s determination of her ineligibility for supplemental income benefits
(SIBs).  We will affirm the judgment that
Ms. King is ineligible for SIBs because her impairment rating is below 15%.

Background Facts

          Ms. King was injured on the job.  She was sent to Dr. Joseph Jacko
for a determination of her impairment rating and maximum medical improvement
date, which determine her eligibility for SIBs under worker’s
compensation.  See Tex. Lab. Code Ann. § 408.142(a)(1)
(Vernon 2006).  Dr. Jacko’s
first evaluation resulted in an impairment rating of 10%, below the minimum 15%
impairment rating to qualify for SIBs.  Id. 
Ms. King filed a request for a benefits review conference, known as a
“DWC-45,” on October 6, 2005.  Her
request was denied for lack of medical records, and Ms. King filed another
DWC-45 on January 18, 2006.  In response
to this second request, the Department of Worker’s Compensation (DWC) requested
that Dr. Jacko reevaluate his ratings.  The DWC then deleted the DWC-45 from Ms.
King’s records.

          Dr. Jacko
reevaluated Ms. King on February 23, 2006. 
He wrote the DWC to admit that he miscalculated her impairment rating
and that the correct impairment rating was 20%. 
On September 17, 2007, an administrative hearing was held.  Zurich argued to the DWC that the 20% rating
was invalid because Dr. Jacko based the rating on DWC
Advisories that had been declared invalid. 
See Tex. Dep’t of Ins. v. Lumbermens Mut. Cas.
Co., 212 S.W.3d 870, 875 (Tex. App.—Austin 2006, pet. denied) (holding that
the DWC Advisories were an invalid attempt at ad hoc rulemaking and were an
ultra vires act by the DWC); Appeal No. 071023-s
(Tex. Dep’t of Ins., Div. of Worker’s Comp., July 23, 2007) (“[T]he adoption of
an [impairment rating] that is based on the Advisories is legal error and must
be reversed.”).  Ms. King responded that
because there was no pending dispute regarding the impairment rating at the end
of the first quarter of benefits (which ended June 10, 2007), the 20% rating
had become final under the rules of the department and Zurich could not now
complain.  See 28 Tex. Admin. Code § 130.102(h) (“If there is no pending
dispute regarding . . . the impairment rating prior to the expiration of the
first quarter, . . . the impairment rating shall be final and binding.”).  The DWC determined that because Ms. King’s first
DWC-45 was denied or deleted, there was no “pending dispute” as required by
rule 130.102(g) at the end of the first quarter.  It held that the 20% impairment rating was
final.  Zurich appealed the decision to
the Commission Appeals Panel, which reversed the decision, stating that Dr. Jacko’s amended rating did not resolve the original
dispute, and therefore a dispute was pending and the 20% rating had not become
final.  The appeals panel sent the case
back for another contested case hearing to determine her correct impairment
rating.

Ms.
King was sent to another doctor, Dr. Stauch, for
another examination.  Dr. Stauch gave her an impairment rating of 5%.  At the third hearing, DWC determined that Dr.
Jacko’s rating was not supported by the DWC
guidelines and that Dr. Stauch’s rating was the
correct rating.  Ms. King appealed this
decision to the DWC appeals panel.  The
appeals panel affirmed the order of the contested case hearing.  Ms. King then filed for judicial review in
the district court.

          Ms. King filed a motion for partial
summary judgment on the issue that the 20% rating was final.  Zurich filed a motion for partial summary
judgment arguing that the 20% rating was not final.  Zurich also filed a traditional motion for
summary judgment, claiming that the 20% rating is invalid and the only valid
rating is Dr. Stauch’s 5% rating.

          The trial court granted Zurich’s
partial summary judgment motion.  The
court denied Ms. King’s motion for partial summary judgment and Zurich’s
traditional motion for summary judgment. 
Zurich then filed its first amended motion for summary judgment,
claiming that since the 20% rating was not final, it was invalid and the only
valid rating was Dr. Stauch’s 5% rating, which made
Ms. King ineligible for SIBs.  The court
granted Zurich’s amended motion.  Ms.
King then appealed and in eleven points of error, complains of the denial of
her motion for partial summary judgment and the trial court’s orders granting
Zurich’s partial motion for summary judgment and its motion for full summary
judgment.

Standard of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim,
315 S.W.3d 860, 862 (Tex. 2010). 
We consider the evidence presented in the light most favorable to the
nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors
could, and disregarding evidence contrary to the nonmovant unless reasonable
jurors could not.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  We indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.  20801, Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled to summary judgment
on a cause of action if it conclusively proves all essential elements of the
claim.  See Tex. R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim. 
Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010); see
Tex. R. Civ. P. 166a(b), (c).

When
both parties move for summary judgment and the trial court grants one motion and
denies the other, the reviewing court should review both parties’ summary
judgment evidence and determine all questions presented.  Mann
Frankfort, 289 S.W.3d at 848; see Myrad Props., Inc. v. Lasalle
Bank Nat’l Ass’n, 300 S.W.3d 746, 753 (Tex. 2009).  The reviewing court should render the
judgment that the trial court should have rendered.  Mann
Frankfort, 289 S.W.3d at 848.

Discussion

I.        
Finality
of the 20% impairment rating under Rule 130.102(h)[2]

Because
all of Ms. King’s points of error require a determination of whether the 20% impairment
rating had become final under the rules of the DWC, we address her points of
error 3A, 3B, 4A, 4B, and 5 first.  See Tex. R. App. P. 47.1.0.

Ms.
King argues that the 20% impairment rating became final under section 130.102(h)
of the administrative code.  See 28 Tex. Admin. Code
§ 130.102(h) (Tex. Dep’t of Ins., Div. of Workers’ Comp., Eligibility for
Supplemental Income Benefits; Amount). 
That rule states, “If there is no pending dispute regarding . . . the
impairment rating prior to the expiration of the first quarter,
. . . the impairment rating shall be final and binding.”  Id.

The
parties agree that Ms. King disputed Dr. Jacko’s
initial rating by filing a request for a benefits review conference.  The first request was denied.  The second request resulted in a letter of
clarification sent to Dr. Jacko.  In response to the letter, Dr. Jacko reexamined Ms. King and gave her a new impairment
rating of 20%.  He wrote that he “erred
in assigning her first impairment rating” and was “not sure why [he] previously
assigned her an impairment rating of 10%.”

Ms.
King claims that after the letter of clarification was
sent, the original dispute request was “deleted” from the records.  Ms King failed to attach as an exhibit to any
of her motions the page of the DWC’s records showing the deletion.[3]  However, the Texas Administrative Code states
that “[a] dispute may not be revoked or withdrawn to allow . . . the first
valid assignment of [impairment rating] to become final except by agreement of
the parties.”  28 Tex.
Admin. Code § 130.12(b)(3) (Tex. Dep’t of Ins.,
Div. of Workers’ Comp., Finality of the First Certification of Maximum Medical
Improvement and/or First Assignment of Impairment Rating).  There is no evidence of agreement between the
parties that the dispute be revoked or withdrawn; it appears to have been a
unilateral act by the DWC.

Because
the dispute was not revoked or withdrawn by agreement of the parties, it could
only no longer be pending if it had been resolved.  Ms. King produced no evidence of resolution,
and she points to no case law supporting her contention that deletion from the electronic
record system is the same thing as a resolution of a claim.  On the contrary, the DWC appeals panel stated
that the deletion “does not indicate that the dispute regarding the [impairment
rating] was resolved.”  Therefore, as of
February 23, 2006, Ms. King had two different impairment ratings—10% and 20%.
On February 15, 2008, she received a third impairment rating of 5%.  It was not until June 30, 2008, that DWC made
a final determination as to Ms. King’s rating. 
The evidence supports the trial court’s determination that the 20%
impairment rating was not made final by rule 130.102(h).  We therefore hold that the trial court did
not err in granting Zurich’s motion for partial summary judgment and denying
Ms. King’s motion for partial summary judgment on the issue of finality.  We overrule Ms. King’s points 3A, 3B, 4A, 4B,
and 5.

II.      
Ms.
King’s Impairment Rating

Ms.
King’s points of error 2A and 2B complain of the trial court’s determination
that Ms. King’s impairment rating is 5% as certified by Dr. Stauch.  The Texas Workers’ Compensation Act requires
that the trial court adopt one of the impairment ratings assigned by the doctors
in the case.  Tex. Lab.
Code Ann. § 401.011(15) (Vernon Supp. 2010); Am. Zurich Ins. Co. v. Samudio, 317
S.W.3d 336, 346 (Tex. App.—Houston [1st Dist.] 2010, pet. filed).  In the present case, there are three possible
impairment ratings: Dr. Jacko’s first rating of 10%,
Dr. Jacko’s second rating of 20%, and Dr. Stauch’s rating of 5%. 
Therefore the trial court must have chosen one of these ratings.

Dr. Jacko admitted
that his first impairment rating was incorrect, and neither party argues that
it is Ms. King’s correct rating.  Dr. Jacko’s second rating was based on advisories which have
been held to be invalid and were withdrawn by the DWC.  See Lumbermens, 212 S.W.3d at 876–77; Comm’r
Bulletin # B-0033-07 (July 18, 2007). 
Dr. Jacko’s second rating is therefore
invalid.  See Deleon v. Royal Indem. Co., No. 03-08-00532-CV,
2010 WL 323128, at *3–4 (Tex. App.—Austin Jan. 27, 2010, pet. filed) (mem. op.) (holding that an
impairment rating based on the withdrawn advisories was invalid); Appeals Panel
No. 071023-s (July 23, 2007) (“[T]he adoption of an [impairment rating] that is
based on the Advisories is legal error and must be reversed.”).  Because both of Dr. Jacko’s
impairment ratings are incorrect, the only valid impairment rating for Ms. King
is Dr. Stauch’s rating of 5%.  The evidence therefore supports the trial
court’s determination that Ms. King’s impairment rating was 5%.  The court did not err in granting summary
judgment on the determination of Ms. King’s impairment rating.  We overrule Ms. King’s points 2A and 2B.

III.     
Ms.
King’s Entitlement to Supplemental Income Benefits

Ms.
King’s points 1A and 1B address her entitlement to SIBs.  Her point 4C addresses Zurich’s amended motion
for full summary judgment in which Zurich argued that Ms. King’s impairment
rating made her ineligible for SIBs.  As
a matter of law, Ms. King is only entitled to SIBs if her impairment rating is
15% or more.  See Tex. Lab. Code Ann. § 408.142(a)(1).  Because we affirmed the trial court’s
determination that Ms. King’s impairment rating is 5%, we also agree that she does
not meet the impairment rating threshold for SIBs.  Because she is not eligible for SIBs, the
trial court did not err in granting Zurich’s amended motion for full summary
judgment.  Neither did the trial court err
in determining that the other criteria for SIBs eligibility were moot because
she does not meet the impairment rating threshold.  We overrule Ms. King’s points of error 1A, 1B, and 4C.

Conclusion

Having
overruled all of Ms. King’s points of error, we affirm the trial court’s
judgment.

 

LEE GABRIEL
JUSTICE

 

PANEL:  GARDNER, WALKER,
and GABRIEL, JJ.

 

DELIVERED:  February 17, 2011











[1]See
Tex. R. App. P. 47.4.





[2]Ms.
King’s motions and briefs reference rule 130.102(g).  This rule was renumbered in 2009 and is now
rule 130.102(h).  See 34 Tex. Reg. 2138 (2009) (codified as an amendment to 28 Tex.
Admin. Code § 130.101–.109).





[3]The
DWC appeals panel notes that the deletion was marked in an entry marked
“Sequence 16.”  The only copy of the DWC
electronic notes in the court record, which were attached as an exhibit to
Zurich’s motion for partial summary judgment, ends at Sequence 15.