

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00109-CV

SHANNON KING                                                    APPELLANT

V.

ZURICH AMERICAN INS. CO.                                        APPELLEE

----------

### FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In this worker's compensation case, appellant Shannon King appeals the trial court's determination of her ineligibility for supplemental income benefits (SIBs).  We will affirm the judgment that Ms. King is ineligible for SIBs because her impairment rating is below 15%.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

Ms. King was injured on the job. She was sent to Dr. Joseph Jacko for a determination of her impairment rating and maximum medical improvement date, which determine her eligibility for SIBs under worker's compensation. *See* Tex. Lab. Code Ann. § 408.142(a)(1) (Vernon 2006). Dr. Jacko's first evaluation resulted in an impairment rating of 10%, below the minimum 15% impairment rating to qualify for SIBs. *Id*. Ms. King filed a request for a benefits review conference, known as a "DWC-45," on October 6, 2005. Her request was denied for lack of medical records, and Ms. King filed another DWC-45 on January 18, 2006. In response to this second request, the Department of Worker's Compensation (DWC) requested that Dr. Jacko reevaluate his ratings. The DWC then deleted the DWC-45 from Ms. King's records.

Dr. Jacko reevaluated Ms. King on February 23, 2006. He wrote the DWC to admit that he miscalculated her impairment rating and that the correct impairment rating was 20%. On September 17, 2007, an administrative hearing was held. Zurich argued to the DWC that the 20% rating was invalid because Dr. Jacko based the rating on DWC Advisories that had been declared invalid. *See Tex. Dep't of Ins. v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870, 875 (Tex. App.—Austin 2006, pet. denied) (holding that the DWC Advisories were an invalid attempt at ad hoc rulemaking and were an ultra vires act by the DWC); Appeal No. 071023-s (Tex. Dep't of Ins., Div. of Worker's Comp., July 23, 2007) ("[T]he adoption of an [impairment rating] that is based on the Advisories is legal

error and must be reversed."). Ms. King responded that because there was no pending dispute regarding the impairment rating at the end of the first quarter of benefits (which ended June 10, 2007), the 20% rating had become final under the rules of the department and Zurich could not now complain. *See* 28 Tex. Admin. Code § 130.102(h) ("If there is no pending dispute regarding . . . the impairment rating prior to the expiration of the first quarter, . . . the impairment rating shall be final and binding."). The DWC determined that because Ms. King's first DWC-45 was denied or deleted, there was no "pending dispute" as required by rule 130.102(g) at the end of the first quarter. It held that the 20% impairment rating was final. Zurich appealed the decision to the Commission Appeals Panel, which reversed the decision, stating that Dr. Jacko's amended rating did not resolve the original dispute, and therefore a dispute was pending and the 20% rating had not become final. The appeals panel sent the case back for another contested case hearing to determine her correct impairment rating.

Ms. King was sent to another doctor, Dr. Stauch, for another examination. Dr. Stauch gave her an impairment rating of 5%. At the third hearing, DWC determined that Dr. Jacko's rating was not supported by the DWC guidelines and that Dr. Stauch's rating was the correct rating. Ms. King appealed this decision to the DWC appeals panel. The appeals panel affirmed the order of the contested case hearing. Ms. King then filed for judicial review in the district court.

3

Ms. King filed a motion for partial summary judgment on the issue that the 20% rating was final. Zurich filed a motion for partial summary judgment arguing that the 20% rating was not final. Zurich also filed a traditional motion for summary judgment, claiming that the 20% rating is invalid and the only valid rating is Dr. Stauch's 5% rating.

The trial court granted Zurich's partial summary judgment motion. The court denied Ms. King's motion for partial summary judgment and Zurich's traditional motion for summary judgment. Zurich then filed its first amended motion for summary judgment, claiming that since the 20% rating was not final, it was invalid and the only valid rating was Dr. Stauch's 5% rating, which made Ms. King ineligible for SIBs. The court granted Zurich's amended motion. Ms. King then appealed and in eleven points of error, complains of the denial of her motion for partial summary judgment and the trial court's orders granting Zurich's partial motion for summary judgment and its motion for full summary judgment.

**Standard of Review**

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801,*

4

*Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848; *see Myrad Props., Inc. v. Lasalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009). The reviewing court should render the judgment that the trial court should have rendered. *Mann Frankfort*, 289 S.W.3d at 848.

### Discussion

### I.    Finality of the 20% impairment rating under Rule 130.102(h)[2]

Because all of Ms. King's points of error require a determination of whether the 20% impairment rating had become final under the rules of the DWC, we

---

[2]Ms. King's motions and briefs reference rule 130.102(g). This rule was renumbered in 2009 and is now rule 130.102(h). *See* 34 Tex. Reg. 2138 (2009) (codified as an amendment to 28 Tex. Admin. Code § 130.101–.109).

5

address her points of error 3A, 3B, 4A, 4B, and 5 first. *See* Tex. R. App. P. 47.1.0.

Ms. King argues that the 20% impairment rating became final under section 130.102(h) of the administrative code. *See* 28 Tex. Admin. Code § 130.102(h) (Tex. Dep't of Ins., Div. of Workers' Comp., Eligibility for Supplemental Income Benefits; Amount). That rule states, "If there is no pending dispute regarding . . . the impairment rating prior to the expiration of the first quarter, . . . the impairment rating shall be final and binding." *Id*.

The parties agree that Ms. King disputed Dr. Jacko's initial rating by filing a request for a benefits review conference. The first request was denied. The second request resulted in a letter of clarification sent to Dr. Jacko. In response to the letter, Dr. Jacko reexamined Ms. King and gave her a new impairment rating of 20%. He wrote that he "erred in assigning her first impairment rating" and was "not sure why [he] previously assigned her an impairment rating of 10%."

Ms. King claims that after the letter of clarification was sent, the original dispute request was "deleted" from the records. Ms King failed to attach as an exhibit to any of her motions the page of the DWC's records showing the deletion.[3] However, the Texas Administrative Code states that "[a] dispute may

---

[3]The DWC appeals panel notes that the deletion was marked in an entry marked "Sequence 16." The only copy of the DWC electronic notes in the court record, which were attached as an exhibit to Zurich's motion for partial summary judgment, ends at Sequence 15.

6

not be revoked or withdrawn to allow . . . the first valid assignment of [impairment rating] to become final except by agreement of the parties." 28 Tex. Admin. Code § 130.12(b)(3) (Tex. Dep't of Ins., Div. of Workers' Comp., Finality of the First Certification of Maximum Medical Improvement and/or First Assignment of Impairment Rating). There is no evidence of agreement between the parties that the dispute be revoked or withdrawn; it appears to have been a unilateral act by the DWC.

Because the dispute was not revoked or withdrawn by agreement of the parties, it could only no longer be pending if it had been resolved. Ms. King produced no evidence of resolution, and she points to no case law supporting her contention that deletion from the electronic record system is the same thing as a resolution of a claim. On the contrary, the DWC appeals panel stated that the deletion "does not indicate that the dispute regarding the [impairment rating] was resolved." Therefore, as of February 23, 2006, Ms. King had two different impairment ratings—10% and 20%. On February 15, 2008, she received a third impairment rating of 5%. It was not until June 30, 2008, that DWC made a final determination as to Ms. King's rating. The evidence supports the trial court's determination that the 20% impairment rating was not made final by rule 130.102(h). We therefore hold that the trial court did not err in granting Zurich's motion for partial summary judgment and denying Ms. King's motion for partial summary judgment on the issue of finality. We overrule Ms. King's points 3A, 3B, 4A, 4B, and 5.

7

## II.    Ms. King's Impairment Rating

Ms. King's points of error 2A and 2B complain of the trial court's determination that Ms. King's impairment rating is 5% as certified by Dr. Stauch. The Texas Workers' Compensation Act requires that the trial court adopt one of the impairment ratings assigned by the doctors in the case.  Tex. Lab. Code Ann. § 401.011(15) (Vernon Supp. 2010); *Am. Zurich Ins. Co. v. Samudio*, 317 S.W.3d 336, 346 (Tex. App.—Houston [1st Dist.] 2010, pet. filed).  In the present case, there are three possible impairment ratings: Dr. Jacko's first rating of 10%, Dr. Jacko's second rating of 20%, and Dr. Stauch's rating of 5%.  Therefore the trial court must have chosen one of these ratings.

Dr. Jacko admitted that his first impairment rating was incorrect, and neither party argues that it is Ms. King's correct rating.  Dr. Jacko's second rating was based on advisories which have been held to be invalid and were withdrawn by the DWC.  *See Lumbermens*, 212 S.W.3d at 876–77; Comm'r Bulletin # B-0033-07 (July 18, 2007).  Dr. Jacko's second rating is therefore invalid.  *See Deleon v. Royal Indem. Co*., No. 03-08-00532-CV, 2010 WL 323128, at *3–4 (Tex. App.—Austin Jan. 27, 2010, pet. filed) (mem. op.) (holding that an impairment rating based on the withdrawn advisories was invalid); Appeals Panel No. 071023-s (July 23, 2007) ("[T]he adoption of an [impairment rating] that is based on the Advisories is legal error and must be reversed.").  Because both of Dr. Jacko's impairment ratings are incorrect, the only valid impairment rating for Ms. King is Dr. Stauch's rating of 5%.  The

8

evidence therefore supports the trial court's determination that Ms. King's impairment rating was 5%. The court did not err in granting summary judgment on the determination of Ms. King's impairment rating. We overrule Ms. King's points 2A and 2B.

### III.   Ms. King's Entitlement to Supplemental Income Benefits

Ms. King's points 1A and 1B address her entitlement to SIBs. Her point 4C addresses Zurich's amended motion for full summary judgment in which Zurich argued that Ms. King's impairment rating made her ineligible for SIBs. As a matter of law, Ms. King is only entitled to SIBs if her impairment rating is 15% or more. *See* Tex. Lab. Code Ann. § 408.142(a)(1). Because we affirmed the trial court's determination that Ms. King's impairment rating is 5%, we also agree that she does not meet the impairment rating threshold for SIBs. Because she is not eligible for SIBs, the trial court did not err in granting Zurich's amended motion for full summary judgment. Neither did the trial court err in determining that the other criteria for SIBs eligibility were moot because she does not meet the impairment rating threshold. We overrule Ms. King's points of error 1A, 1B, and 4C.

9

**Conclusion**

Having overruled all of Ms. King's points of error, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED:  February 17, 2011