# IN THE SUPREME COURT OF TEXAS

═══════════════
No. 10-0319
═══════════════

SEVERIANO DELEON, PETITIONER,

v.

ROYAL INDEMNITY COMPANY, RESPONDENT

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
═══════════════════════════════════════════════════

**PER CURIAM**

In this case, the trial court determined that an injured worker had been assigned no valid impairment rating upon which to base impairment income benefits under the Texas Workers' Compensation Act, TEX. LAB. CODE §§ 401.001–506.002. The court of appeals affirmed. ___ S.W.3d ____. In doing so, the court noted that "no mechanism exists in the [Workers' Compensation] Act to remand matters back to [the Department of Insurance's Workers' Compensation Division]." ___ S.W.3d at___. We reverse and remand to the trial court with instructions to remand to the Division.

Severiano DeLeon suffered a back injury while in the course and scope of his employment. More than a year later, he had spinal fusion surgery. DeLeon's employer's workers' compensation insurance carrier, Royal Indemnity Co., paid medical benefits, but contested the extent of his entitlement to impairment income benefits. Section 408.123 of the Labor Code requires that an

impairment rating be based upon the Guides to the Evaluation of Permanent Impairment published by the American Medical Association. TEX. LAB. CODE § 408.123. The designated doctor appointed by the Division determined that DeLeon had an impairment rating of twenty percent. The doctor based that decision on two Advisories issued by the Division to guide the calculation of impairment ratings for workers who had undergone spinal surgery and who had not had pre-operative spinal flexion x-rays. The hearing officer accepted the designated doctor's rating and the Division's appeals panel upheld the examiner's decision.

Royal Indemnity appealed the Division's decision to the trial court. While the appeal was pending, the court of appeals for the Third District decided *Texas Department of Insurance Division of Workers' Compensation v. Lumbermens Mutual Casualty Co.*, 212 S.W.3d 870 (Tex. App.—Austin 2006, pet. denied). In that case, the court held that the Division acted ultra vires in issuing the Advisories, which provided for the calculation of impairment ratings not based on the Guides, *id.* at 876–77, and the Division later repealed them, Tex. Dep't of Ins. Commissioner's Bull. No. 3–0033–07 (July 18, 2007). Based on *Lumbermens*, the trial court reversed the agency's decision and ruled that DeLeon had no valid impairment rating. The court of appeals affirmed. ___ S.W.3d at ___.

While DeLeon's appeal to this Court was pending, we handed down our decision in *American Zurich Insurance Co. v. Samudio*, ___ S.W.3d ____ (Tex. 2012). In *Samudio*, we held that the absence of a valid impairment rating that had been submitted to the agency did not deprive a reviewing court of subject matter jurisdiction. ___ S.W.3d at ___. We also held that the Workers' Compensation Act permits a court to remand to the Division if it decides that the worker has no valid

impairment rating.  ___S.W.3d at ___.  In light of our decision in *Samudio*, and pursuant to Texas Rule of Appellate Procedure 59.1, without hearing oral argument, we reverse the court of appeals' judgment and remand to the trial court with instructions that the court remand the case to the Division in light of its determination that DeLeon has no valid impairment rating.

**OPINION DELIVERED:**  November 16, 2012