

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00059-CV

LIBERTY MUTUAL INSURANCE
COMPANY AND TEXAS
DEPARTMENT OF INSURANCE,
DIVISION OF WORKERS'
COMPENSATION

APPELLANTS

V.

RICKY ADCOCK

APPELLEE

----------

## FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I.    Introduction

In one issue, Appellants Liberty Mutual Insurance Company and the Texas Department of Insurance, Division of Workers' Compensation assert that the trial court erred by granting summary judgment for Appellee Ricky Adcock, arguing

that the Division had jurisdiction in 2009 to review a 1997 award of Lifetime Income Benefits (LIBs) to Adcock. We affirm.

## II. Factual and Procedural Background

This is the Once-In-A-Lifetime case. Because this case turns on statutory construction, we need not conduct an extensive recitation of the factual and procedural background. Suffice it to say that in 1991, Adcock received a compensable on-the-job injury, and in 1997, the Division's Appeals Panel held that Adcock was entitled to LIBs due to the total and permanent functional loss of use of his right foot above the ankle and right hand up to and including the right wrist. This decision was not appealed.

Several years later, Liberty Mutual, the workers' compensation carrier, sought to reopen Adcock's case, asserting that Adcock was no longer entitled to LIBs because he no longer had the total and permanent functional loss of use that was the basis of his award. The issues certified by the hearing officer and agreed to by the parties were:

(1) Is Claimant entitled to lifetime income benefits (LIBs) as of this date based on total and permanent loss of use of his hands and legs?

(2) As a result of the decision and order of the Appeals panel in Appeal No. 970981, does the Division have jurisdiction to determine continuing entitlement to lifetime income benefits (LIBs)?

After a hearing officer determined that Adcock was entitled to continued LIBs, the Division's Appeals Panel found that the Division had jurisdiction to reopen the case but that Adcock continued to be entitled to LIBs.

2

On appeal to the district court, Adcock argued that based on the statutory language in labor code section 408.161 and on principles of res judicata and collateral estoppel, the case could not be reopened. The Division intervened, asserting that it had jurisdiction. The trial court agreed with Adcock's premise that the Division could not reopen the 1997 case and granted Adcock's summary judgment. In its final judgment, it stated, "[T]he Court enters judgment that the Texas Department of Insurance—Division of Workers' Compensation, and by extension this Court, lacks jurisdiction to revisit the issue of [LIBs] awarded to Plaintiff in 1997." This appeal followed.

### III.    Jurisdiction

Labor code section 408.161 states that "lifetime income benefits are paid until the death of the employee" for the loss of certain, statutorily specified body parts. *See* Tex. Lab. Code Ann. § 408.161(a) (West 2006). It also provides that "the total and permanent loss of use of a body part is the loss of that body part." *Id*. § 408.161(b) (West 2006).

Liberty Mutual and the Division argue that the Division can revisit whether the loss of use of a body part is permanent, asserting that "lifetime" as used in the statute refers to eligibility and duration, not entitlement. They contend that because the legislature has vested the Division with exclusive jurisdiction to resolve workers' compensation disputes, "[n]either the nature of the income benefit nor the existence of a prior order bars the Division from exercising its exclusive jurisdiction," and that this is consistent with the legislature's recognition

3

that an employee's entitlement to benefits can change over the life of the claim. And they add that to hold otherwise would be nonsensical because an injured worker who improved would continue to receive LIBs, even though he no longer met the statutory criteria.[1]

Adcock responds that once he became eligible for LIBs, no further review was permitted because no such review is provided for in the statute's plain language. He points out that given the severity of injuries to which LIBs apply,[2] it would violate due process and be "inherently cruel and unfair to subject such frail individuals to the stress and uncertainty of what amounts to a lifetime of litigation."

## A. Standard of Review

We review an issue of statutory construction on the same basis that we review a summary judgment: de novo. *See* Tex. R. Civ. P. 166a(c); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mann Frankfort Stein &*

___

[1]This argument leads to the inescapable conclusion that, if Liberty Mutual and the Division are correct, LIBs can be relitigated at any time and for an unlimited number of times.

[2]LIBs are paid until the death of the employee for total and permanent loss of sight in both eyes; loss of both feet at or above the ankle; loss of both hands at or above the wrist; loss of one foot at or above the ankle and the loss of one hand at or above the wrist; an injury to the spine that results in permanent and complete paralysis of both arms, both legs, or one arm and one leg; a physically traumatic injury to the brain resulting in incurable insanity or imbecility; or third degree burns that cover at least 40% of the body and require grafting, or third degree burns covering the majority of either both hands or one hand and the face. *See* Tex. Lab. Code Ann. § 408.161(a)(1)–(7).

*Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Further,

> [i]n construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute. We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired. Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results. We presume the Legislature intended a just and reasonable result by enacting the statute. When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language.

*City of Rockwall*, 246 S.W.3d at 625–26 (citations omitted). Our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent," *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010), and we must "'take statutes as [we] find them.'" *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985) (quoting *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920)).

**B. Analysis**

We begin our analysis with the well-established principle that an administrative agency may exercise only those powers that the legislature "confers upon it in clear and express language, and [that it] cannot erect and exercise what really amounts to a new or additional power for the purpose of administrative expediency." *Tex. Natural Res. Conservation Comm'n v. Lakeshore Util. Co.*, 164 S.W.3d 368, 377 (Tex. 2005). This is because an administrative agency is a creature of the legislature, with no inherent authority of

5

its own. *Id.* However, when the legislature expressly confers a power on an agency, "it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties." *Id.* at 378.

In this case, the agency is the Division, which possesses exclusive jurisdiction regarding claims arising under the Texas Workers' Compensation Act (TWCA). *See In re Metro. Transit Auth.*, 334 S.W.3d 806, 810 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). "'Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute.'" *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 623 (Tex. 2007) (quoting *Tarrant App. Dist. v. Moore*, 845 S.W.2d 820, 822 (Tex. 1993)); *State v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 190, 196 (Tex. 1994) ("[T]he contemporaneous construction of a statute by the administrative agency charged with its enforcement is entitled to great weight."). *But see TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011) (stating that deference to an agency's interpretation is not conclusive or unlimited).

Further, we must construe the provisions of the TWCA liberally in favor of the injured worker, to effectuate the purposes for which it was enacted: "'[A] strained and narrow construction of [the TWCA] would be improper. Moreover, it would be injudicious to construe the statute in a manner that supplies by implication restrictions on an employee's rights that are not found in . . . [the]

6

plain language.'" *In re Poly-Am., L.P.*, 262 S.W.3d 337, 350 (Tex. 2008) (orig. proceeding) (quoting *Kroger v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000)); *Tex. Gen. Indem. v. Workers' Comp. Comm'n*, 36 S.W.3d 635, 640 (Tex. App.—Austin 2000, no pet.) ("[T]he liberal construction we apply to workers' compensation legislation [is] to carry out its evident purpose of compensating injured workers and their dependents.").

The legislature is well aware of how to afford the Division the opportunity to review awards made to claimants under the TWCA. Under the prior TWCA, article 8306, section 12d specifically allowed review upon a change of condition, mistake, or fraud, providing that

> [u]pon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, *the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded*, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested.

Act of May 20, 1931, 42nd Leg. R.S., ch. 155, § 1, sec. 1, 1931 Tex. Gen. Laws 260, 260 (emphasis added), *repealed by* Act effective Jan. 1, 1991, 71st Leg. 2nd C.S., ch. 1, sec. 16.01(7), 1989 Tex. Gen. Laws 114, 114. This language was not included in the recodification of the TWCA into the labor code.

Further, under the present TWCA, the legislature has provided for quarterly review of eligibility for Supplemental Income Benefits (SIBs), Tex. Lab. Code Ann. § 408.143(b) (West 2006).  A SIBs recipient's status is reviewable annually, and his or her medical condition is reviewable after two years.  *Id*. §§ 408.149, .151 (West 2006).  For Temporary Income Benefits (TIBs), a recipient's treating physician reviews and prepares a work status report when there is a change in the ability to work.  28 Tex. Admin. Code Ann. § 129.5(d)(2) (2009) (Tex. Dep't of Ins., Div. of Workers' Comp., Work Status Reports).  And Death Income Benefits are subject to review due to a change in marital status or status as a minor.  Tex. Lab. Code Ann. § 408.183 (West 2006 & Supp. 2010).

In sum, the statutory language stating that LIBs are "paid until the death of the employee," and the legislature's clear intent when enacting the TWCA to provide for review under several other circumstances but not once entitlement to LIBs has been established,[3] indicates to us that the legislature gave the Division

---

[3]The Texas Supreme Court recently compared these benefits, stating,

> Lifetime income is the greatest income benefit a worker can receive under the workers' compensation act.  In addition to lifetime income, the act provides for three lesser awards: temporary income benefits, impairment income benefits, and supplemental income benefits.  These benefits accrue when a compensable injury causes a decrease in the employee's earnings and are generally paid weekly by the insurance carrier "as and when they accrue."  A claimant's combined eligibility for temporary income benefits, impairment income benefits, and supplemental income benefits generally terminates 401 weeks after the date of injury.  *But the 401-week limitation does not apply to lifetime income benefits, which, as the name implies, are payable until the injured employee's death*.

8

no express or implicit authority for further review of LIBs after eligibility is determined.

Liberty Mutual and the Division rely on *Deep East Texas Self Insurance Fund*, Appeal No. 020432-s, 2002 WL 971079 (Tex. Workers' Comp. Comm'n Apr. 10, 2002), as authority to support their jurisdictional argument. In *Deep East Texas*, after the claimant received an award of LIBs in 1999 upon a finding of loss of permanent function in his legs, he was videotaped in situations showing that he could walk independently without a walker, cane, or other device. *Id.* at *1–2. The Appeals Panel considered whether the Commission (now the Division) had jurisdiction to reopen the issue of entitlement to LIBs and decided, in a 2-to-1 decision, that there was "no rational basis for holding that the Commission has no continuing jurisdiction to resolve disputes over entitlement to these [LIB] benefits." *Id*. at *2, 4. The majority reached this decision despite acknowledging (1) that there was "no express provision in the 1989 Act or in the Commission's rules authorizing and providing a mechanism for the raising, and resolving, of a disputed issue concerning continued entitlement to LIBs once initially determined;" (2) that agencies, as creatures of statute, may "exercise only those specific powers conferred upon them by law in clear and express

_____

*Ins. Co. of State of Pa. v. Muro*, No. 09-0340, 2011 WL 3796569, at *2 (Tex. Aug. 26, 2011) (citations omitted) (emphasis added); *see also Region XIX Serv. Ctr. v. Banda*, 343 S.W.3d 480, 485 (Tex. App.—El Paso 2011, pet. filed) ("The loss of use must also be *permanent* for a claimant to qualify for lifetime income benefits." (emphasis added)).

9

language," with no additional authority implied by judicial construction; and (3) that the predecessor statute's language authorizing review of any award or order previously awarded if there was a change of condition, mistake, or fraud was not carried over into the 1989 Act. *Id*. at *3–4.

Further, according to the *Deep East Texas* majority, a contested case hearing is not the proper forum to determine an administrative violation such as obtaining benefits by fraud, and the Appeals Panel has no authority to order administrative penalties and repayment of fraudulently obtained income benefits; rather, the State Office of Administrative Hearings sets the hearing, under labor code section 415.034. *Id*. at *4; *see also* Tex. Lab. Code Ann. § 415.034 (West 2006) (stating that on the request of the charged party or the commissioner, the State Office of Administrative Hearings shall set a hearing and the hearing shall be conducted in the manner provided for a contested case under government code chapter 2001). But the majority stated that its jurisdictional determination and rendition of a new decision that the claimant was not entitled to future LIBs eliminated the need for the self-insured to initiate a section 415.031 administrative violation proceeding. *Deep E. Tex.*, 2002 WL 971079, at *4; *see also* Tex. Lab. Code Ann. § 415.031 (West 2006) ("Any person may request the initiation of administration violation proceedings by filing a written allegation with the division."); *GuideOne Ins. Co. v. Cupps*, 207 S.W.3d 900, 902, 908 (Tex. App.—Fort Worth 2006, pet. denied) (stating that under labor code section 415.008, the Commission has authority to resolve the claims—such as

10

GuideOne's fraud, conversion, negligent misrepresentation, and Theft Liability Act claims against Cupps for allegedly fraudulently obtaining SIBs—first, through administrative remedies such as through a benefit review conference or administrative violation proceeding, before the courts may grant relief). The *Deep East Texas* majority's conclusion would render section 415.031 meaningless, among others.[4] *See Barron v. Cook Children's Health Care Sys.*, 218 S.W.3d 806, 809 (Tex. App.—Fort Worth 2007, no pet.) (stating that we should not adopt a construction that would render a law or provision meaningless).

---

[4]Labor code section 415.008 provides that a person commits a Class B administrative violation if, to obtain a payment of a workers' compensation benefit, he knowingly or intentionally makes, among other things, a false or misleading statement, misrepresents or conceals a material fact, or conspires to do one of these acts. *See* Tex. Lab. Code Ann. § 415.008(a), (b) (West 2006). For committing a Class B administrative violation under section 415.008, the violator is liable for full repayment plus interest. *Id.* § 415.008(c). We have not encountered a LIBs case involving section 415.008. *Cf. Cupps*, 207 S.W.3d at 908 (involving SIBs).

We also note that current section 418.001 states that it is a state jail felony if someone, with the intent to obtain payment of benefits of $1,500 or more under chapter 418, knowingly or intentionally makes, among other things, a false or misleading statement or misrepresents or conceals a material fact. *See id.* § 418.001 (West 2006). Section 418.001 has not yet been construed.

Neither party has explained how these sections might affect the jurisdictional question before us. We infer that these sections may have been intended as a replacement for former article 8306, section 12d, but they do not include any express provision for review by the Division under the procedure used in this case.

The dissent disputed the idea that the Commission had jurisdiction to continue to review the claimant's entitlement to LIBs. *Deep E. Tex.*, 2002 WL 971079, at *5 (Chaney, J., dissenting). Specifically, Appeals Judge Chaney stated that any remedy available to the insurance carrier under the case's circumstances was in section 415.031. *Id*. She also pointed out, as we have noted above, that the legislature did not continue the previous Act's specific allowance for continued review into the present Act, and she noted that the legislature's failure to carry the provision forward into the 1989 Act "significantly undermine[d] an argument that the Commission has an implied authority to make such a modification." *Id.* Finally, she pointed out that, as here, the carrier did not appeal the original determination that the claimant was entitled to LIBs, and to follow the majority's reasoning would do "exactly what the . . . court [in *Lumbermens Mutual Casualty Co. v. Manasco*, 971 S.W.2d 60 (Tex. 1998)] state[d] is prohibited, namely permitting the carrier to 'use a second set of administrative proceedings to bootstrap a belated appeal' of a final benefits determination."[5] *Id*. at *6; *see also Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 256 (Tex. 1999) (stating that in *Manasco*, the court "rejected any

_____

[5]In *Manasco*, the supreme court interpreted the "substantial change of condition" language in section 410.307 to hold that a claimant could not obtain reconsideration of his original, unappealed impairment rating by using a second set of administrative proceedings to "bootstrap" a belated appeal for judicial review of that rating because allowing claimants to do so would distort the TWCA beyond its intent. 971 S.W.2d at 64.

12

notion that this section [410.307] created an independent, substantive right to reopen the impairment issue after the claimant had failed to timely appeal").

We agree with the arguments set out by the *Deep East Texas* dissent. *See* 2002 WL 971079, at \*5–6; *see also Poly-Am., L.P.*, 262 S.W.3d at 350; *Tex. Natural Res. Conservation Comm'n*, 164 S.W.3d at 377–78. As acknowledged by Liberty Mutual and the Division, there is no express language in section 408.161 that gives the Division the right to revisit the issue of LIBs entitlement whenever it chooses, and the statutory scheme recounted above clearly shows that the legislature knew how to include this authority if it so desired. *Compare* Act of May 20, 1931, 42nd Leg. R.S., ch. 155, § 1, 1931 Tex. Gen. Laws 260, 260 (repealed 1989), *with* Tex. Lab. Code Ann. §§ 415.008, .031, .034, 418.001. Therefore, we conclude that the Division has no implied right to review LIBs under section 408.161 after the initial administrative and appellate remedies have been exhausted, and we overrule Liberty Mutual's and the Division's sole issue. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) (op. on reh'g) ("Enforcing the law as written is a court's safest refuge in matters of statutory construction, and we should always refrain from rewriting text that lawmakers chose.").

**Conclusion**

Having overruled Liberty Mutual's and the Division's sole issue, we affirm the trial court's judgment.

                                           BOB MCCOY
                                           JUSTICE

PANEL:  DAUPHINOT and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  October 20, 2011