**AMERICAN ZURICH INSURANCE COMPANY, Petitioner,**

v.

**Daniel SAMUDIO, Respondent.**

**No. 10–0554.**

Supreme Court of Texas.

Argued Jan. 10, 2012.

Decided June 29, 2012.

Robert D. Stokes, Gregory D. Solcher, Flahive, Ogden & Latson PC, Austin TX, for American Zurich Insurance Company.

Byron C. Keeling, Ruth B. Downes, Keeling & Downes, P.C., Michael P. Doyle, Doyle Raizner LLP, David Q. Haag II, Blackwell & Haag, P.C., Houston TX, for Daniel Samudio.

Nicholas Canaday III, Office of the Attorney General, Austin, TX, for Amicus Curiae Texas Department of Insurance Division of Workers' Compensation.

Marcos Benjamin Guerra, Assistant Attorney General, for Amicus Curiae State Office Risk Management.

Justice LEHRMANN delivered the opinion of the Court.

Under the Texas Workers' Compensation Act, an injured worker's impairment income benefits are determined in part by the impairment rating assigned by the Texas Department of Insurance's Division of Workers' Compensation. TEX. LAB.CODE § 408.121(a)(1). In an appeal to the district court of the Division's impairment rating determination, unless there is evidence of a substantial change in the worker's condition, the court may consider only evidence of impairment that was presented

to the agency, and may only adopt an impairment rating assigned by a doctor in the administrative proceedings. TEX. LAB. CODE § 410.306(c). We must decide whether a reviewing court lacks subject matter jurisdiction to resolve an impairment rating appeal if the only rating presented to the agency was invalid. We hold that the absence of a valid impairment rating does not deprive the court of jurisdiction. Consequently, we reverse the court of appeals' judgment and remand to the trial court.

## I. Background

Daniel Samudio suffered a back injury during the course of his employment that was compensable under the Texas Workers' Compensation Act. See TEX. LAB.CODE § 401.11. He eventually had four surgeries to rectify the injury, including a spinal fusion and a laminectomy. His physicians did not order preoperative flexion or extension x-rays, which would have provided evidence of any loss of motion segment integrity, a factor in determining the level of impairment. See Am. Home Assur. Co. v. Poehler, 323 S.W.3d 626, 631 (Tex.App.-Tyler 2010, pet. pending). Petitioner Zurich American Insurance Company provided workers' compensation coverage to Samudio's employer.

After Samudio filed a claim for medical benefits under the Act, the Division appointed Dr. Gaston Machado as the designated doctor in the case to determine the date Samudio reached maximum medical improvement and his impairment rating under section 408.123 of the Act. An injured worker who suffers a permanent functional or anatomical impairment after reaching maximum medical improvement

is entitled to impairment income benefits, the duration of which depend on the assigned impairment rating. TEX. LAB.CODE §§ 408.123, 408.121(a)(1). The impairment rating represents "the percentage of permanent impairment of the whole body resulting from a compensable injury." Id. § 401.011(24). Impairment income benefits equal seventy percent of the worker's average weekly wages; the benefits are paid for three weeks for each percentage point of impairment. Id. §§ 408.121(a)(1); 408.126. An impairment rating of more than fifteen percent may entitle the worker to supplemental income benefits after impairment income benefits would otherwise expire. Id. § 408.142(a)(1).

Section 408.123 of the Act provides that an impairment rating "must be based" upon the fourth edition of the Guides to the Evaluation of Permanent Impairment, published by the American Medical Association.[1] The methodology for determining impairment ratings recognized in that edition of the Guides used objectively verifiable evidence to place injured workers into one of eight diagnosis-related estimate (DRE) categories. In cases where spinal fusion surgery like Samudio's had been performed, the Guides called for the impairment rating to be based upon preoperative flexion and extension x-rays. At the time of the administrative proceedings to determine Samudio's impairment rating, however, the Division had implemented two advisories, Advisory 2003–10 and Advisory 2003–10B, which attempted to provide an alternative standard for establishing an impairment rating when no preoperative flexion or extension x-rays had been performed. Under the advisories, a physician could consider evidence of spinal

---

1. Although as originally enacted, section 408.124 required use of the third edition of the Guides, in 1999, the Legislature authorized the Commissioner of Workers' Compensation to adopt the fourth edition of the Guides. Act of May 30, 1999, 76th Leg., R.S., ch. 1426, § 12, 1999 Tex. Gen. Law 4865, 4869 (codified at TEX LAB.CODE § 408.124(c)).

fusion surgery of the type Samudio had in assigning a DRE. In his initial report to the Division, Dr. Machado concluded that Samudio's impairment rating was twenty percent based on a Category IV DRE. He initially asserted that the rating was based upon the Guides, but later submitted a letter clarifying that he had relied on the advisories in light of the absence of the pre-operative flexion or extension x-rays called for in the Guides. Under the advisories, Machado included Samudio's spinal fusion surgery as a factor in calculating the impairment rating.

American Zurich disputed the impairment rating, and the Division commenced a contested case hearing. At the hearing, the carrier submitted a letter from Dr. John Obermiller. Although he opined that Samudio's impairment rating would be properly calculated at ten percent, Obermiller never examined Samudio, and expressly stated that he was not providing an impairment rating. Instead, he explained that his purpose was to show that Machado's analysis did not conform to the Guides. After the close of the hearing, the hearing examiner issued a decision finding that Samudio had an impairment rating of twenty percent. The examiner also specifically found that only one impairment rating was offered during the contested case proceeding. American Zurich appealed the examiner's decision to the appeals panel. In February 2006, the Division notified the parties that the hearing officer's decision was final.

American Zurich then appealed to the district court. It contended that the impairment rating the Division assigned was invalid, and that Samudio had either no impairment rating, or that the correct rat-

ing was ten. While the appeal was pending, the Austin court of appeals decided *Texas Department of Insurance Workers Compensation Division v. Lumbermens Mutual Casualty Co.*, 212 S.W.3d 870 (Tex.App.-Austin 2006, pet. denied). In that case, the court ruled that the advisories were inconsistent with the Guides and thus invalid, and enjoined their further use. *Id.* at 876–77.[2] After the *Lumbermens* decision, Samudio filed a plea to the jurisdiction contending that the trial court lacked subject matter jurisdiction because the trial court was not empowered to provide the relief American Zurich sought. Samudio argued that American Zurich's petition presented no justiciable controversy because the trial court was only empowered to award an impairment rating that was presented to the agency, and the only rating before the agency was the twenty percent rating advocated by Machado. The trial court granted Samudio's plea and dismissed the case, awarding Samudio $29,246.40 in attorney's fees under section 408.221(c) of the Act. The court of appeals affirmed. 317 S.W.3d 336, 348.

## II. Jurisdiction

In an appeal of an injured worker's entitlement to impairment income benefits, the Legislature has provided for a modified trial de novo. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 515 (Tex.1995); TEX. LAB.CODE § 410.306(c). Under that standard, the trier of fact is informed of the impairment rating assigned by the Division. TEX. LAB.CODE § 410.304. Unless there has been a substantial change in the worker's condition, *id.* §§ 410.306(c), 410.307, evidence of the extent of impairment is limited to that

2. The Division issued Bulletin B–0033–77 providing that the advisories would no longer be used after we denied the Division's petition for review in *Lumbermens*. Albert Betts, Tex. Dep't of Ins., Comm'r's Bll. No. B–0033–07 (July 18, 2007), http://www.tdi.texas.gov/bulletins/2007/cc34.html.

presented to the Division, and the trier of fact "shall adopt one of the impairment ratings under Subchapter G, Chapter 408." *Id.* § 410.306(c). In affirming the trial court's dismissal for lack of subject matter jurisdiction, the court of appeals reasoned that only one impairment rating, Machado's, had been presented to the Division. 317 S.W.3d at 348. The court concluded that the trial court could not, therefore, grant American Zurich any relief, even assuming that the rating presented to the agency was invalid under *Lumbermens*. *Id.* at 348–49.

## A. Section 410.306(c) is not a jurisdictional limit

 In *Garcia*, we rejected the contention that section 410.306(c) of the Act violated injured workers' right to trial by jury. 893 S.W.2d at 528–30 (Tex.1995). We equated the provision with procedural rules barring the presentation of witnesses or information that was not timely disclosed in a civil trial. *Id.* at 528 (citing TEX.R. CIV. P. 215.5). Section 410.306(c) shaped the manner of submitting the impairment issue to the jury and the scope of the permissible remedy. *Id.* at 528–529. But because the provision still left the determination of impairment within the jury's hands, it did not violate the right to trial by jury. *Id.* at 530. At no point did we suggest that section 410.306(c) could be seen as a limit on trial courts' subject matter jurisdiction.

 Subject matter jurisdiction limits speak to the power of courts to decide a particular *type* of controversy, not to the evidence that courts may consider or the scope of the remedy they can afford in a particular case. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74–75 (Tex.2000). In the case the court of appeals primarily relied upon, for example, *State Bar of Texas v. Gomez*, 891 S.W.2d 243 (Tex.1994),

we concluded that the district court lacked subject matter jurisdiction in a case in which the plaintiffs sought to require Texas attorneys to provide pro bono legal services. *Id.* at 246. We noted that the case fell within our exclusive administrative power to regulate the bar. *Id.* The district court could not grant relief because it "would ... be cast in the impermissible role of effectively promulgating policies and regulations governing Texas lawyers." *Id.* American Zurich's appeal of the impairment rating the Division assigned Samudio is the type of case for which judicial review is available under the Act, so long as the appealing party has exhausted its administrative remedies. TEX. LAB.CODE §§ 410.251, 410.301. While section 410.306(c) does not allow a reviewing court to consider impairment evidence that was not before the Division, or to award an impairment rating that was not presented to the agency, it does not limit the trial court's subject matter jurisdiction.

The court of appeals' decision was driven largely by its conclusion that the trial court was not empowered to set aside the impairment rating assigned by the division in the absence of a competing rating that was presented to the agency. *See* 317 S.W.3d at 349. We agree with the court that the trial court could not have awarded Samudio a rating of zero or, alternatively, of ten percent. While Obermiller opined that an appropriate impairment rating for Samudio would be ten percent, he never examined Samudio, as section 408.123 requires, and expressly disclaimed an intent to assess an impairment rating. Further, no one presented evidence to the Division that Samudio's impairment rating was zero, and it is undisputed that he had suffered some permanent impairment. We disagree with the court of appeals, however, that the trial court was left with

no alternative but to leave in place a putatively invalid impairment rating.

## B. Remand to the agency

■ Samudio contends that the trial court properly dismissed this case because section 410.306(c) deprived it of any power to set aside the impairment rating assigned by the Division, even if the rating was invalid. American Zurich and amicus curiae Texas Department of Insurance Workers' Compensation Division disagree. They maintain that, if the trial court concluded that the assigned rating was invalid, it could reverse the Division's decision and remand to the agency.[3] We agree with American Zurich and the Division.

■ Our fundamental purpose in construing statutes is to determine and give effect to the Legislature's intent. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.,* 342 S.W.3d 73, 75 (Tex.2011). The words the Legislature employed are the best indicators of that intent. *Id.* And we may be "aided by the interpretive context provided by 'the surrounding statutory landscape.'" *Id.* at 75 (quoting *Presidio Ind. Sch. Dist. v. Scott,* 309 S.W.3d 927, 929–30 (Tex. 2010)). The application of these principles lead us to conclude that a trial court may remand to the Division to allow it to determine a valid impairment rating if the court concludes that no valid impairment rating was presented to the agency in the underlying contested case.

First, under section 410.306(c) the trier of fact, "in its determination of the extent of impairment, shall adopt one of the impairment ratings under Subchapter G, Chapter 408." As the Division argues, if a rating does not comport with the Guides, as section 408.124 requires, it is not adopted "under subchapter G." To the contrary, such an impairment rating would be invalid precisely because it was not adopted in compliance with section 408.124(b). Moreover, in considering whether an impairment rating submitted to the Division is valid, a reviewing court is not making a "determination of impairment." Instead, the court is deciding a purely legal question: whether the proffered rating was made in accordance with statutory requirements.

More importantly, the general statutory scheme laid out by the Legislature compels a remand to allow the Division to determine Samudio's impairment rating as of April 7, 2004, the date the parties stipulated he reached maximum medical improvement, if the trial court finds that Samudio's twenty percent rating is invalid. The Legislature established a detailed, very specific process for the assignment of impairment ratings and the resolution of ratings disputes. *See* Tex. Lab.Code §§ 408.122–.125, 410.021–.209. And the Legislature unequivocally mandated that impairment ratings be determined according to the Guides. *Id.* § 408.124(b) ("For determining the existence and degree of an employee's impairment, the division *shall use* [the Guides]"). The regulatory scheme as a whole illustrates an intent that impairment ratings be determined by the Division, subject to limited de novo review. *Id.* § 410.306(c); *Garcia,* 893 S.W.2d at 515. Furthermore, no language in the Act prohibits a reviewing court from remanding to the agency. Instead, while a reviewing court cannot assign an impairment rating that was not presented to the Division, the statute is silent as to the court's power to remand. Accordingly,

---

3. Amicus curiae State Office of Risk Management agrees that section 410.306(c) does not preclude a reviewing court from setting aside an impairment rating, but disagrees that the court could remand to the agency. It contends that a remand is unnecessary because the parties could reinitiate the case at the agency if an impairment rating is invalidated.

section 410.306(c) does not preclude a trial court from remanding to the Division when the only impairment rating offered is invalid. To the contrary, a remand is the course most consistent with the overall process established by the Legislature. The court of appeals erred in affirming the trial court's judgment dismissing American Zurich's appeal.

## III. Attorney's fees

Finally, American Zurich contends that, to the extent the court of appeals erred in affirming the trial court's judgment, it also erred in awarding fees under section 408.221 of the Act. We agree. In light of our reversal, it is no longer true that Samudio prevailed on an issue on which judicial review was sought by the carrier. See TEX. LAB.CODE § 408.122(c).

## IV. Conclusion

While section 410.310(c) limits the evidence that a trial court may consider in reviewing an impairment rating assigned by the Division and precludes the court from assigning a rating that was not presented to the agency, it does not prevent the court from setting aside an invalid rating and remanding to the Division for further proceedings. We therefore reverse the court of appeals' judgment and remand to the trial court. If the trial court determines that no rating made in conformance with the Guides was presented to the agency, it should remand to the Division for a new impairment determination.