ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 17, 2014

The Honorable Joseph C. Pickett
Chair, Committee on Homeland Security
   and Public Safety
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1051

Re: Whether a school district may authorize an employee or trustee to carry a concealed handgun at any meeting of a governmental entity or on the premises of school property where a sporting event or interscholastic event is taking place
(RQ-1158-GA)

Dear Representative Pickett:

You ask whether a school district may authorize an employee or trustee to carry a concealed handgun at any meeting of a governmental entity or on the premises of school property where a sporting event or interscholastic event is taking place.[1] You inform us that several school district boards of trustees have adopted policies allowing designated employees to carry handguns on school premises pursuant to subsection 46.03(a)(1) of the Penal Code. Request Letter at 1–2. You further state that a typical policy, commonly called a "Guardian Plan," requires the designated employee to have a current concealed handgun license ("CHL"). *Id.* at 3–4. You note that section 46.035 of the Penal Code, however, prohibits a CHL licensee from carrying a handgun "on the premises where a high school . . . sporting event or interscholastic event is taking place" or "at any meeting of a governmental entity." *Id.* at 3–4 (quoting TEX. PENAL CODE ANN. § 46.035(b)(2), (c) (West Supp. 2013). In your first two questions, you ask whether a board of trustees' written authorizations to allow a trustee or employee to carry a handgun on school premises under subsection 46.03(a)(1) of the Penal Code "overrides" section 46.035's prohibitions as applied to a school sporting or interscholastic event or school board meeting. Request Letter at 6.

The goal in statutory construction is "to determine and give effect to the Legislature's intent." *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012). Courts rely on the plain language of the statutes because "the truest measure of what [the Legislature] intended is what it enacted." *In re Office of Att'y Gen.*, 2013 WL 854785, at *4 (Tex. 2013). Words and phrases are "read in context and construed according to the rules of grammar and common

---

[1]*See* Letter from Hon. Joseph C. Pickett, House Comm. on Homeland Sec. & Pub. Safety, to Hon. Greg Abbott, Tex. Att'y Gen. at 1, 6 (Oct. 21, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

usage." TEX. GOV'T CODE ANN. § 311.011 (West 2013).  When the words of a statute are clear, courts "take the Legislature at its word [and] respect its policy choices." *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 654 (Tex. 2013); *see also Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) ("Where text is clear, text is determinative[.]").

Subsection 46.03(a)(1) of the Penal Code provides the general rule prohibiting a person from carrying a firearm on school premises:

> (a) A person commits an offense if the person intentionally, knowingly, or recklessly possesses or goes with a firearm, illegal knife, club, or prohibited weapon listed in Section 46.05(a):
>
> > (1) on the physical premises of a school or educational institution, any grounds or building on which an activity sponsored by a school or educational institution is being conducted, or a passenger transportation vehicle of a school or educational institution, whether the school or educational institution is public or private, *unless pursuant to written regulations or written authorization of the institution*;

TEX. PENAL CODE ANN. § 46.03(a)(1) (West 2011) (emphasis added).  The phrase "unless pursuant to written regulations or written authorization of the institution" is written as an exception to the offense described earlier in the sentence. *Id.*

Section 46.035 of the Penal Code lists places where a CHL licensee acting under authority of the concealed handgun statutes may not carry a concealed handgun. *See id.* § 46.035 (West Supp. 2013).  As pertinent here,

> (b) A license holder commits an offense if the license holder intentionally, knowingly, or recklessly carries a handgun under the authority of Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed, on or about the license holder's person:
>
> > . . .
>
> > (2) on the premises[2] where a high school, collegiate, or professional sporting event or interscholastic event is taking

---

[2]In section 46.035, "'[p]remises' means a building or a portion of a building. The term does not include any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." TEX. PENAL CODE ANN. § 46.035(f)(3) (West Supp. 2013).

> place, unless the license holder is a participant in the event and a handgun is used in the event;
>
> . . .
>
> (c) A license holder commits an offense if the license holder intentionally, knowingly, or recklessly carries a handgun under the authority of Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed, at any meeting of a governmental entity.

*Id.* § 46.035(b)(2), (c) (footnote added).  Section 46.035, subsections (b) and (c) are violated only when the handgun is carried "under the authority of Subchapter H, Chapter 411," the concealed handgun statutes.  *Id.*  When a person is authorized by other law to carry a handgun or other firearm, the person is not carrying the weapon "under the authority of Subchapter H, Chapter 411, Government Code."  *Id.*  Thus, to answer your first two questions, Penal Code section 46.035, subsections (b) and (c) are not violated when a person is lawfully carrying a handgun pursuant to a school board's written regulations and authorization because such a person is not carrying the weapon "under the authority of Subchapter H, Chapter 411, Government Code."

Your third question is whether "serving as a 'Guardian' under a school district's 'Guardian Plan' [promulgated pursuant to section 46.03(a)(1)] fall[s] within the scope of official duties of a school board trustee under Texas Education Code § 11.1511(b)(15)."  Request Letter at 6.  Because the issue of scope of official duties may arise in different legal contexts, it is difficult to give a categorical answer.  Subsection 11.1511(b)(15) of the Education Code provides that a "board shall . . . carry out other powers and duties as provided by this code or other law."  TEX. EDUC. CODE ANN. § 11.1511(b)(15) (West 2012).  A board of "trustees as a body corporate [has] the exclusive power and duty to govern and oversee the management of the public schools of the district."  *Id.* § 11.151(b) (setting forth the authority of "trustees as a body corporate").  Under Education Code subsection 11.151(b), a board may promulgate written regulations and authorization as provided by Penal Code subsection 46.03(a)(1).  A person acting according to a school board's written regulations and authorization would likely be acting within the scope of official duties.[3]

Your fourth question concerns House Bill 1009, which creates a new category of law enforcement officer designated as a school marshal.  *See* Act of May 22, 2013, 83rd Leg., R.S., ch. 655, 2012 Tex. Gen. Laws 1742, 1742–46 ("House Bill 1009").  You wish to know if school district trustees may appoint one employee to serve as a school marshal under House Bill 1009 and authorize another person to serve as a Guardian under a district Guardian Plan pursuant to subsection 46.03(a)(1) of the Penal Code.  Request Letter at 6.  As discussed above, subsection 46.03(a)(1) creates an exception to the prohibition of carrying firearms on school premises for

---

[3]Because of the legal issues that could arise in particular contexts, a school board may wish to seek the assistance of legal counsel in developing a Guardian program involving a trustee. *Cf.* Tex. Att'y Gen. Op. No. GA-0127 (2003) at 2 (discussing aspects of the common-law doctrine of self-employment incompatibility).

persons acting pursuant to a school district's written regulations and authorization. TEX. PENAL CODE ANN. § 46.03(a)(1) (West 2011). House Bill 1009 authorizes a school district to appoint a licensed, trained employee as a school marshal and affirmatively authorizes a school marshal to carry a concealed handgun on school premises according to district policy. *See* House Bill 1009, §§ 2–7, at 1742–45 (adding TEX. CODE CRIM. PROC. art. 2.127, TEX. EDUC. CODE § 37.0811, TEX. GOV'T CODE § 411.1871, TEX. OCC. CODE §§ 1701.001((8), .260, .301). No provision in House Bill 1009 conflicts with or is in any way inconsistent with subsection 46.03(a)(1) of the Penal Code. Accordingly, a school board may appoint one person to serve as a school marshal under section 37.0811 of the Education Code and authorize another person to serve under the district's regulations and authorization under subsection 46.03(a)(1) of the Penal Code.

### S U M M A R Y

Penal Code section 46.035, subsections (b) and (c) are not violated by a person who is lawfully carrying a handgun pursuant to a school board of trustees' written regulations and authorization under subsection 46.03(a)(1).  A person acting according to such regulations and authorization would likely be acting within the scope of official duties.  A school board may appoint one person to serve as a school marshal under section 37.0811 of the Education Code and authorize another person to serve under the district's regulations and authorization under subsection 46.03(a)(1) of the Penal Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee