ACCEPTED
03-14-00012-CV
4437537
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 12:08:21 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00012-CV

**IN THE THIRD COURT OF APPEALS**

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 12:08:21 PM
JEFFREY D. KYLE
Clerk

**AUSTIN, TEXAS**

_____

STATE OFFICE OF RISK MANAGEMENT,

Appellant

v.

KATINA A. EDWARDS,

Appellee

On Appeal from the 53rd Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-09-003089

Office of Injured Employee Counsel's *Amicus Curiae* Brief

Jessica Corna
State Bar No. 24050865
Public Counsel

Office of Injured Employee Counsel
7551 Metro Center Drive, Suite 100
Austin, Texas 78744
TEL: (512) 804-4170
FAX: (512) 804-4181
Jessica.Corna@oiec.texas.gov

# TABLE OF CONTENTS

**TABLE OF CONTENTS**................................................................**ii**

**INDEX OF AUTHORITIES**......................................................**iii**

**INTEREST OF AMICUS CURIAE**.........................................**1**

**ARGUMENT**.............................................................................**3**

**CERTIFICATE OF SERVICE**................................................**9**

**CERTIFICATE OF COMPLIANCE**…………………………**10**

# INDEX OF AUTHORITIES

**Cases**                                                                 **Page**

*Texas Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504 (Tex. 1995)......6

*American Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363 (Tex 2012)………………7

**Statutes**

Texas Labor Code
§404.104(3)……..............................................................................................1

Texas Labor Code §
408.0041(e)……………………………………………………………………3

Texas Labor Code Chapter 410 Subchapter G...………………………………….4

Texas Labor Code §410.301(a)…………………………………………….4, 5, 6, 7

Texas Labor Code 410.255…………………………………………………….5, 6

## IN THE THIRD COURT OF APPEALS

## AUSTIN, TEXAS

STATE OFFICE OF RISK MANAGEMENT,

Appellant

v.

KATINA A. EDWARDS,

Appellee

On Appeal from the 53rd Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-09-003089

Office of Injured Employee Counsel's *Amicus Curiae* Brief

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

The Office of Injured Employee Counsel (OIEC) submits this brief pursuant to Rule 11 of the Texas Rules of Appellate Procedure as *amicus curiae* and would respectfully show the Court as follows:

## INTEREST OF AMICUS CURIAE

OIEC is the state agency charged with representing the interests of injured employees as a class as provided for in Texas Labor Code § 404.104(3). OIEC has

determined that the interests of injured employees as a class will be adversely affected if Appellant is permitted to bypass the proper procedures to appeal a decision of Texas Department of Insurance, Division of Workers' Compensation (Division) concerning compensability and entitlement to benefits.

The purpose of this brief is to bring to this Court's attention additional considerations and consequences that will result if this Court permits the Appellant to depart from following the proper procedures under the Labor Code to appeal a decision of the Division. OIEC's brief focuses on public policy considerations and on the adverse consequences to injured employees of changing the legal and procedural protections provided to them under Texas workers' compensation law.

OIEC respectfully requests this Court reverse the decision of the trial court and remand the case to that court with instructions to process this case as an appeal of a final decision of the Division. Amicus is not aligned with any party to the underlying lawsuit. Amicus is a state agency; and as such, no fees have been or will be paid for the preparation of this brief.

## ARGUMENT

The State Office of Risk Management (SORM) argues that this case should be remanded back to the Division because the Division's hearing officer failed to apply the proper legal standard in deciding whether the Appellee was entitled to benefits due to her exposure to mold. Specifically, the carrier argues that the medical evidence presented by the Appellee was insufficient as a matter of law to establish a causal connection between her employment and her hypersensitivity pneumonitis. Thus, SORM contends that the Division hearing officer denied it due process by shifting the burden to it to disprove the Appellee's injury.

This argument is fallacious. In the first instance, SORM has failed to prove that hearing officer applied an incorrect legal standard in this case. Appellee presented medical evidence of a causal connection between her exposure to mold and her injury, specifically, a causation opinion from a designated doctor who was appointed by the Division to address that issue. The hearing officer found that evidence was sufficient to prove a causal connection. In so doing, the hearing officer made the finding that the designated doctor's opinion was not contrary to the preponderance of the evidence. That finding is what SORM points to in arguing that the hearing officer improperly shifted the burden of proof; however, that argument

3

is without merit. At the administrative level, a designated doctor's opinion is entitled to presumptive weight in accordance with Texas Labor Code §408.0041(e), unless the preponderance of the evidence is to the contrary. The hearing officer's finding is, in fact, a standard finding in cases where there is a designated doctor opinion on an issue and it correctly reflects the law at the administrative level. Assuming for the sake of argument, that as SORM contends, the designated doctor's opinion does not rise to the level of a valid expert opinion that is the argument that SORM should have pursued on appeal. Disagreement with the hearing officer's resolution of an issue is not proof that the hearing officer applied an incorrect legal standard, depriving SORM of due process. To the contrary, it is an assertion of error that the hearing officer failed to correctly weigh the evidence and that the evidence was insufficient to support her decision.

This alleged error is something that SORM was required to overturn by appealing the hearing officer's decision pursuant to Texas Labor Code Chapter 410 Subchapter G. Due process does not ensure a process that is without error. At the administrative level, SORM was clearly provided with notice and an opportunity to be heard. Where, as here, a party is dissatisfied with the outcome at the administrative level, its due process rights are protected by pursuing judicial review in accordance with Section 410.301(a). SORM makes the bald assertion that its due

4

process rights cannot be protected in this process; however, it has wholly failed to demonstrate why or how the statutorily mandated court, namely the District Court in Fort Bend County, is not in a position to correct any legal error that may have been made in this case under the modified *de novo* standard of review. Parties who disagrees with a hearing officer decisions for reasons similar to those advanced by SORM routinely seek to have those decisions overturned by pursuing an appeals under Texas Labor Code Chapter 410 Subchapter G. SORM has failed to persuasively explain what makes this case different from all other judicial review cases of Division decisions concerning compensability and eligibility for income benefits.

Further, there are good reasons that SORM should not be permitted to seek review of the hearing officer's decision under §410.255. The Division points to these reasons in its *amicus curiae* brief. Texas Labor Code §410.255 explicitly provides that judicial review under this section is for only for issues "other than those covered under Section 410.301(a)." §410.301(a) provides that a final decision of the Division of regarding compensability or eligibility for or the amount of income benefits shall be conducted under this subchapter. There is no doubt that the present case is one concerning compensability and eligibility for income benefits. As such, the statute clearly provides that judicial review of this decision must be sought

pursuant to §410.301(a), and not under §410.255. It is disingenuous at best for SORM to argue that this is not an appeal regarding compensability or eligibility for income benefits. Indeed, it is apparent that the desired outcome is a second hearing at the Division and an ultimate determination that the Appellee did not sustain a compensable injury. It appears that SORM believes it has a better likelihood of obtaining that result at the Division rather than at the district court; however, that does not change the fact that the option of a remand to the Division is not legally available.

Allowing SORM and other carriers to appeal final decisions of the Division under §410.255 would have a number of adverse consequences to injured employees. First, and foremost, it would deprive injured employees of their right to have a jury on judicial review. The importance of the right to a jury cannot be overstated and was itself a major reason the Supreme Court found that the present workers' compensation system constitutional in *Texas Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504, 513 (Tex. 1995). An appeal under § 410.255 would also force injured employees into court in Travis County rather than their county of residence as is the case under §410.301(a). The importance of venue rights is not merely for convenience, which itself would be a substantial consideration in a number of cases, but because of the significance of having the jury comprised of

people who reflect the views and values of the local community. Finally, there is a different standard of review under §410.255 (substantial evidence) than under §410.301(a) (modified trial *de novo*). The modified *de novo* standard, provides parties a better opportunity to correct error made at the administrative level than the more restrictive substantial evidence review. Permitting SORM to pursue its appeal outside the statutorily mandated process would result in confusion and forum shopping that have no place in the workers' compensation system. There is simply no question as to the appellate process that should have been followed in this case. No party should be permitted to decide it wants to follow an alternate process, particularly when that process has the consequence of forcing an injured employee to litigate outside his or her county of residence without a jury.

Finally, OIEC agrees with Appellee that there is no provision for remanding a case back to the Division that has gone to judicial review, under either §410.301(a) or under §410.255. The only authority for such a remand is *American Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363 (Tex. 2012) and such a remand is limited to cases where there is no legally valid impairment rating on judicial review, which is clearly not the case here. The proper course to take in the present case is a remand back to the trial court with instructions to transfer the case to a court of competent jurisdiction in Fort Bend County (the county of Appellee's residence at the time that

disability began), and to have that court review the final decision of the Division

pursuant to §410.301(a) under a modified *de novo* standard of review.

Respectfully submitted,

_/s/Jessica Corna_____

Jessica Corna
State Bar No. 24050865
Public Counsel

Office of Injured Employee Counsel
7551 Metro Center Drive, Suite 100
Austin, Texas 78744
TEL: (512) 804-4170
FAX: (512) 804-4181
Jessica.Corna@oiec.texas.gov

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Office of Injured Employee Counsel's Amicus Curiae Brief* has been sent by electronic mail, on this 10th day of March, 2015, to the following:

Barbara L. Klein
J. Red Tripp
State Office of Risk Management
P.O. Box 13777
Austin, TX 78711-3777
(512) 936-1516 office
(512) 370-9189 fax
Barbara.Klein@sorm.state.tx.us
Red.Tripp@sorm.state.tx.us
**Attorneys for Appellant**

Bradley Dean McClellan
Law Offices of Richard Pena, P.C.
1701 Directors Blvd., Suite 110
Austin, TX 78744
(512) 327-6884 office
(512) 694-8843 cell
(512) 327-8354 fax
Brad.McClellan@yahoo.com
**Attorney for Appellee**

Dennis M. McKinney
Office of the Attorney General
Administrative Law Division
P. O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 475-4020 office
(512) 320-0167 fax
Dennis.McKinney@texasattorneygeneral.gov
**Attorney for *Amicus Curiae*, Division of Workers' Compensation**

/s/ Jessica Corna_____
Jessica Corna

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 1904 words (counting all parts of the document).  This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text.  In making the certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Jessica Corna_____
Jessica Corna