**Denied in part, Dismissed in part, and Opinion Filed January 17, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-01151-CV**
**No. 05-17-01152-CV**
**No. 05-17-01153-CV**

**IN RE DALLAS COUNTY PUBLIC DEFENDER'S OFFICE, Relator**

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-75436-Q, F17-75468-Q, and F17-76382-Q**

## MEMORANDUM OPINION ON REHEARING

Before Justices Lang, Brown, and Stoddart
Opinion by Justice Lang

Before the Court is respondent's motion for rehearing. We deny the motion for rehearing. We withdraw our prior opinion in this case, substitute this opinion in its place, and deny relator's petition for writ of mandamus. The following is now the opinion of the Court.

In this original proceeding, the Dallas County Public Defender's Office complains of the trial court's denial of the office's motion to be appointed counsel to represent Emmanuel Kilpatrick in a capital murder case. The public defender's office contends that article 26.04(f) of the code of criminal procedure required the trial court to give the office priority in appointments and to appoint a member of the office to represent Kilpatrick unless the trial court had good cause to appoint other counsel. The public defender's office specifically asks this Court to grant the writ of mandamus, vacate the order denying the appointment, mandate that the public defender's office be appointed to Kilpatrick's case, and issue a writ of prohibition that prohibits

the trial court from denying future appointments sought by the public defender's office. For the following reasons, we deny the petition for writ of mandamus and dismiss the petition for writ of prohibition.

## Background

Kilpatrick has been indicted on three capital murder charges. The trial judge initially appointed attorney Richard Carrizales to represent Kilpatrick. Carrizales is only qualified to sit as second chair in death penalty cases in Dallas County. On September 22, 2017, the trial judge appointed Karo Johnson to represent Kilpatrick and sit first chair. Before Johnson's appointment, the Dallas County Public Defender's Office filed a motion to be appointed counsel to represent Kilpatrick and moved in the alternative for a hearing to demonstrate good cause for denying the appointment. Assistant Public Defender Christi Dean also sent the court coordinator an e-mail requesting "a formal written ruling on our motion indicating good cause or, in the alternative, set it for hearing . . . ." The trial judge denied the motion for appointment by written order without stating a reason and denied the request for a hearing to demonstrate good cause. This original proceeding followed.

## Mandamus Standard

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *In re Wingfield*, 171 S.W.3d 374, 378–79 (Tex. App.—Tyler 2005, orig. proceeding). For a duty to be ministerial, the law must "clearly spell [ ] out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 928 (Tex. Crim. App. 2001) (quoting *Texas Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)). In other words, the act must be

"positively commanded and so plainly prescribed" under the law "as to be free from doubt." *State ex rel. Hill*, 34 S.W.3d at 928 (quoting *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992)).

## Applicable Law

This case presents the Court with the task of interpreting two statutes: articles 26.04 and 26.052 of the Texas Code of Criminal Procedure. We review questions of statutory construction de novo. *In re Lee*, 411 S.W.3d 445, 450–51 (Tex. 2013). Our fundamental objective in interpreting a statute is "to determine and give effect to the Legislature's intent." *Id.* at 451 (quoting *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012)). "The plain language of a statute is the surest guide to the Legislature's intent." *Id.* (quoting *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012)). "[U]nambiguous text equals determinative text," and " '[a]t this point, the judge's inquiry is at an end.' " *In re Office of Attorney Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (quoting *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 652 (Tex. 2006)). For example, use of the word "notwithstanding" indicates a legislative intention that the provision using the term should control over other provisions. *In re Lee*, 411 S.W.3d at 454 ("the use of the word 'notwithstanding' indicates that the Legislature intended section 153.0071 to be controlling") (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 413–14 (Tex. 2011) (holding that a "notwithstanding any other law" provision evidenced clear legislative intent to resolve any interpretation conflicts in favor of the statute containing the provision) and *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 639 (Tex. 2010) (holding that a statute "manifest[ing] clear legislative intent that conflicting statutes are ineffective" controlled over such conflicting statutes)).

It is inappropriate to resort to rules of construction or extratextual information to construe a statute when its language is clear and unambiguous. *In re Lee*, 411 S.W.3d at 451. Under this

text-based approach, we must study the provision at issue and the statute as a whole. *Id.* "If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE § 311.026(a). However, in the event that any such conflict is irreconcilable, the more specific provision will generally prevail. *Id.* § 311.026(b); *see also In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 470–71 (Tex. 2011).

Article 26.04(f) provides that a court "shall give priority" in appointment to a county's public defender's office but "is not required to appoint the public defender's office if: (1) the court has reason to appoint other counsel. . . ." TEX. CODE CRIM. PROC. art. 26.04(f). Article 26.052 is titled "Appointment of counsel in death penalty case; reimbursement of investigative expenses." Article 26.052(a) provides:

> (a) Notwithstanding any other provision of this chapter, this article establishes procedures in death penalty cases for appointment and payment of counsel to represent indigent defendants at trial and on direct appeal and to apply for writ of certiorari in the United States Supreme Court.

TEX. CODE CRIM. PROC. art. 26.052(a). Article 26.052(b) also provides:

> (b) If a county is served by a public defender's office, trial counsel and counsel for direct appeal or to apply for a writ of certiorari may be appointed as provided by the guidelines established by the public defender's office. In all other cases in which the death penalty is sought, counsel shall be appointed as provided by this article.

TEX. CRIM. PROC. CODE art. 26.052(b). Article 26.052 is silent as to whether a court must give priority to a public defender's office in making appointments in capital cases. TEX. CRIM. PROC. CODE art. 26.052.

## Discussion

Here, article 26.052, not article 26.04, controls the appointment of counsel to represent indigent defendants in death penalty cases because of the inclusion of the words "notwithstanding any other provision of this chapter" and the provision's more specific language. Applying *In re Lee*, the use of the term "notwithstanding" in article 26.052(a)

–4–

indicates that the Legislature intended article 26.052 to be controlling as to appointment of counsel to represent indigent defendants in death penalty cases. Further, like the statute in *Lee*, article 26.052 is more specific than article 26.04 because it applies to a specific type of case, i.e., a death penalty case. Whereas, article 26.04 sets out the general rules for appointment of counsel to represent indigent defendants in other cases. Article 26.052 is silent as to whether a court must give priority to a public defender's office in making appointments in capital cases. TEX. CRIM. PROC. CODE art. 26.052. Similarly, article 26.052 includes no language requiring a trial court to have a reason for declining to appoint the public defender's office to represent an indigent defendant in a death penalty case. In the absence of such language, we cannot conclude the trial court was required to give priority to the public defender's office in appointment of counsel in this death penalty case or provide a reason for denying the appointment request. *See In re Lee*, 411 S.W.3d at 451 (unambiguous text is determinative text); *see also City of Houston v. Bryant*, 516 S.W.3d 47, 53 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ("Where a statute is silent on an issue, we presume that the silence is a careful, purposeful, and deliberate choice"). Respondent did not have a ministerial duty to give priority to the public defender's office in appointing counsel to represent Kilpatrick or to provide a reason for declining to appoint the public defender's office. Accordingly, we deny relator's petition for writ of mandamus.

### Petition for Writ of Prohibition

"The writ of prohibition is a creature of limited purpose that is appropriate only after an appellate court's jurisdiction has been invoked on independent grounds and then only in aid of that jurisdiction." *In re State ex rel. Munk*, 448 S.W.3d 687, 694 (Tex. App.—Eastland 2014, orig. proceeding). A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of an appellate court's judgment. *Holloway*

*v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding); *In re Bolton*, No. 05-10-01115-CV, 2010 WL 4011041, at \*1 (Tex. App.—Dallas Oct. 14, 2010, orig. proceeding) (citing TEX. GOV'T CODE ANN. § 22.221(a) (West 2004)); *Humble Exploration Co., Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex. App.—Dallas 1982, no writ).  This Court may issue a writ of prohibition: (1) to prevent interference with its jurisdiction in deciding a pending appeal; (2) to prevent a lower court from entertaining a suit that will relitigate controversies that have already been settled by the Court; and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction.  *Humble Exploration Co., Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex. App.—Dallas 1982, no writ); *In re Herrera*, No. 05-14-00394-CV, 2014 WL 1477922, at \*1 (Tex. App.—Dallas Apr. 14, 2014, orig. proceeding) (dismissing petition for writ of prohibition where relator did not demonstrate any of those prerequisites).

Here, relator seeks a writ of prohibition that prohibits the trial court from denying future appointments sought by the public defender's office.  We do not have jurisdiction to issue a writ requiring the trial court to refrain from performing a future act.  *See In re State ex rel. Munk*, 448 S.W.3d 687, 694 (Tex. App.—Eastland 2014, orig. proceeding) ("An appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act.").  No appeal is pending and the trial court's actions in appointing counsel do not threaten this Court's jurisdiction in deciding a pending appeal.  We, therefore, dismiss the petition for writ of prohibition.

Accordingly, we deny the petition for writ of mandamus and dismiss the petition for writ of prohibition.


171151HF.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE